MERCIER v. MUNICH

(November 26, 1928. Opinion and Decree.)

F. F. Tessier & Monroe & Lemann, of New Orleans, attorneys for plaintiff and appellee.

Jno. D. Nix, Jr., & W. W. Wright, of New Orleans, attorneys for defendants, appellants and appellees.

JANVIER, Judge ad hoc. Mrs. Hans, before her marriage had acquired certain property on St. Charles Avenue, between Fern and Burdette Streets. In 1921, Mr. and Mrs. Hans decided to reconstruct the building into a fourplex apartment and for this purpose employed Delisle & Mercier, who were engaged in both designing and superintending the construction of buildings.

The contract for the designing of the alterations and for the doing of the construction work was verbal, but there is no controversy over the fact that Delisle & Mercier were to receive compensation equal to 8% of the cost of the work.

It is also admitted that the cost of the work exceeded $25,000.00, and that Delisle & Mercier only received $850.00 on account of their fee. This suit is for the balance, to-wit: $1,150.00.

The defense is that Delisle & Mercier had prepared the plans and had guaranteed to the defendants that the construction work would cost, not more than $17,300.00, and that the fee was not earned because the construction work cost so much that the defendants could not finish it, but were forced to sell the building to one Rodick at a sacrifice price, and their loss was due entirely to the incompetence of Delisle & Mercier. It is admitted by the plaintiff that the work cost considerably more than $25,000.00, but he contends that the reasons for the additional cost were numerous changes and alterations made by Mr. and Mrs. Hans.

Before the work was completed the building was sold, in its then condition to Rodick. The sale took place on October 21, 1921, but was not registered in the Conveyance Office until October 24, 1921, and in the meantime, to-wit, October 22, 1921, Delisle & Mercier recorded a lien against the property for the amount claimed to be due.

The District Judge rendered judgment in favor of plaintiff, who was the assignee of the interest of Delisle. The judgment was rendered, apparently through a clerical error, for $1,500.00, instead of for $1,150.00. However, the District Judge rejected the claim of the plaintiff that he was entitled to a lien. Since this case has been pending, one of the defendants, Hans, has died and his wife, as the universal legatee, has been substituted in his stead.

There are two questions presented, one of fact, the other of law. The question of fact depends, for its determination, entirely upon the testimony of the various witnesses. It is manifest that a very large number of changes were made in the original plans. Some of the men employed to do the work testified that Mrs. Hans required them on several occasions to remove the work in the afternoon, that they had done in the morning. One of them testified that he was taking orders regularly.

from Mr. and Mrs. Hans, and that so many changes were made that he did not have plans for all of them.

It is admitted that a wood porch was required in the original plans but that the defendant required that this be changed and that a concrete porch be substituted. Manifestly this was an expensive change. Another important change resulted from the defendants deciding they wanted a closed porch instead of an open one.

A careful reading of the record in this regard convinced us that the trial judge was correct in his finding, that the reasons for the enormous increase in the price of the construction were the changes which were required by the defendants. This being so, we see no valid reason why the fees of the architects and contractors should not be paid.

There remains then solely the question whether or not they are entitled to a lien. This work was commenced in 1921. At that time a written and recorded contract was not essential to the creation of the privilege in favor of the contractor, etc. This question is settled by a reading of Act 29 of 1916, which act has been interpreted by the Supreme Court of Louisiana in the various Rose vs. Eunice Electric Theatre Company cases, reported in the 154 La., pages 81 to 103, 97 So. 322 to 330. All that is required is that the lien be recorded within forty-five days of the completion of the work and in this case the lien was recorded before the completion of the work.

We are of the opinion, therefore, that the plaintiff is entitled to a lien on the building and to this extent the judgment appealed from should be reversed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended and that there now be judgment in favor of plaintiff and against Mrs. Bernard B. Hans, individually and as universal legatee of Bernard B. Hans, in the sum of $1,500.00, with the recognition of the lien and privilege in favor of plaintiff and upon the property in question.