CULPEPPER, Judge.
Plaintiff-appellee, C. J. Richard Lumber Company, Inc., filed this action to recover the balance due on an oral agreement to repair, remodel and enlarge the home of defendants, Mr. and Mrs. Harris J. Cor-mier. The trial court rendered judgment in favor of plaintiff for $1,914.44, the balance due. Defendants appealed.
The sole issue is whether plaintiff is entitled to an increase in the price originally agreed upon by the parties as a result of extra materials furnished and extra labor performed by plaintiff in making changes and extensions on the original repairs, remodeling and enlargements in compliance with the wishes of the defendant.
Early in 1970, defendant contacted plaintiff’s representative and asked that he be given an estimate to repair and enlarge his home. Mr. Walton Bourque, the estimator for plaintiff, gave defendant an estimate of $9,522.20 to make certain repairs and enlargements. Defendant agreed to the price and work commenced on June 27, 1970.
Plaintiff alleges that during the course of the original repairs and enlargements extra work was performed and more expensive materials were used, none of which was included in the original agreement.
On October 1, 1970, defendant made a cash payment to plaintiff in the amount of $8,000 which he claimed represented one-half of the maximum cost. Defendant also claimed that when he was informed by Mr. Bourque that his bill had reached approximately $12,000, he asked if an outdoor kitchen and a boat house could also be constructed, but yet limiting the total cost to $16,000. He asserts that Mr. Bourque agreed to build them within the limitation of $16,000. Plaintiff denies that any limitation was ever discussed by defendant with its employees.
On December 9, 1970, when Mr. Bourque and Mr. Mamer, general manager for the plaintiff, presented defendant the final bill, he complained that the cost was too high, but paid an additional $10,000 on his account. Plaintiff asserts that defendant agreed to pay the remainder after the crayfish season.
In addition to the estimated price of $9,522.20, plaintiff alleges it performed extra labor and furnished extra materials in the amount of $11,104.83. After deducting minor credits and a discount to defendant of $684.40, the final bill totaled $19,914.44.
This case presents the following factual issues: (1) Did defendant agree that the *736 extra work be performed and that the extra materials be furnished by plaintiff? (2) Did plaintiff furnish extra materials and perform extra labor, and if so, in what amount? (3) Did the parties ever agree to a limitation on the amount that the construction would cost defendant ?
The trial court found that the defendant authorized the use of more expensive materials and the performance of extra labor during the repairs and enlargement of his home. This finding is corroborated by four of the witnesses for the plaintiff, as well as the defendant himself. The defendant actually contends only that he did not authorize this extra work to force the total cost beyond $16,000. His answer alleged $16,500.
The trial court also found that the extra “material and labor was furnished to the job and that the Defendant was charged the single 'standard’ prices of Plaintiff. Material and labor was charged just as in an open account, and sub-contracting was charged at cost to Plaintiff plus 10%.”
The original estimate included an addition to defendant’s house, a - new double carport, a small patio, weatherboard on the outside walls, a new roof, and a den.
Defendant authorized the following extra work and changes: (1) Enlarging the patio, (2) enlarging the driveway to extend to the road beyond his fence, (3) using more expensive brick veneer instead of weatherboard on the outside walls, (4) adding cabinets in the kitchen of the house, (5) installing new paneling in the bedroom and living room, (6) making alterations in the den, (7) extra painting inside the house, (8) construction and painting of an outdoor kitchen and boat house, and (9) other minor changes inside the house.
There is a conflict in the testimony as to whether plywood or the more expensive centermatch was originally to be used as decking on the new roof. The evidence preponderates in favor of finding that plywood was to be used originally and that centermatch was substituted at the request of the defendant.
Plaintiff was allowed to introduce into evidence the invoices for the materials and the laborer’s time books over the • defen-ant’s objection. The trial court found that the materials and labor were provided in the amounts prayed for by plaintiff.
The contractor or builder bears the burden of proving that the defendant homeowner authorized the extra work and extra materials; that they were furnished and the amount of their value, Master Maintenance Engineering, Inc. v. McManus, 292 So.2d 284, 287 (La.App. 1st Cir. 1974) and the citations therein. We feel that the trial court was correct in its finding as to the “extras” authorized by defendant and furnished by plaintiff and the amount awarded for them. See LSA-C.C. Articles 2763, 2764; Mercier v. Munich, 9 La.App. 373, 120 So. 522 (Ct. of App. Orl.1928).
Defendant also contends that he and plaintiff’s general manager and estimator reached an agreement that the total cost would not exceed $16,000. Plaintiff’s employees testified that no limitation was ever discussed by them with defendant. The trial court did not find that the parties had agreed upon a limitation of the total cost.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973) and the cases cited therein. We can find no manifest error in the findings of fact made by the trial court in this case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.